**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4137

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEDARIUS DEMONT PRINGLE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:20-cr-00344-NCT-1)

Submitted:  October 13, 2022                    Decided:  October 18, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Brittany S. Speas, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Jacob Darriel Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ledarius Demont Pringle pled guilty pursuant to a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Pringle to 41 months in prison, to be followed by three years' supervised release. Pringle's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but discussing the reasonableness of Pringle's sentence. Pringle has not filed a pro se supplemental brief despite receiving notice of his right to do so. The Government has declined to file a response brief. We affirm.

We review a criminal "sentence[ ]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, we then consider the substantive reasonableness of the sentence. *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Guidelines range, gave the parties the opportunity to argue for an appropriate sentence, and sufficiently explained its reasons for Pringle's within-Guidelines

sentence and for denying Pringle's motion for a downward departure or variant sentence. Pringle has failed to rebut the presumption of reasonableness afforded his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Pringle, in writing, of the right to petition the Supreme Court of the United States for further review. If Pringle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pringle. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*